UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  
CORNELIUS A. MARTIN  
VIOLA R. MARTIN,

    Debtors.

Case No. 09-31916-DHW  
Chapter 13

## MEMORANDUM OPINION

Before the court is the chapter 13 trustee's objection to the confirmation of the debtors' plan. While the trustee, in his written objection, contends that the plan was not filed in good faith, the real issue is whether the debtors are devoting to the plan all of their disposable income for the required term. In particular, in calculating their disposable income, the debtors have deducted from their income their actual home mortgage payment which is in excess of the IRS local standard for housing expense. The trustee contends that the deduction should be capped by the IRS local standard and that the debtors' deduction of the mortgage payment in excess of the standard is improper. For the following reasons, the court concludes that the trustee's objection to the plan's confirmation must be sustained.

### Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because plan confirmation is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

### Undisputed Facts

The parties agree that the relevant facts are undisputed and have filed a joint stipulation of facts (Doc. #67).[1] The court adopts the parties' stipulated facts as the

---

[1] The trustee, in brief, raised additional facts which were not included in the parties' joint stipulation. The court has not considered those facts because they were not included in the

facts in this case and summarizes them as follows.

On July 21, 2009, Cornelius A. Martin and Viola R. Martin filed a joint chapter 13 petition for relief. The Martins' annualized current monthly income is $127,236.79. That amount is well above the $46,667.00 median income for a two-person sized household in Alabama.

In calculating their disposable income, the Martins deducted their full home mortgage payment of $5168.00 per month. After making that deduction, they determined that their disposable income was $454.26 per month. The debtors' plan provides that unsecured creditors will each be paid a pro rata portion of $36,000. That would result in each creditor being paid approximately 30% their claim.

The trustee, on the other hand, contends that the deduction for housing must be capped by the IRS local standard of $735.00 per month. If the trustee is correct and the IRS standard is the maximum allowable deduction, then the debtors' disposable income is enough to pay unsecured creditors in full over the term of the plan.

## Legal Conclusions

If the trustee or an unsecured creditor objects to the confirmation of a plan, the plan may not be confirmed unless the debtors are paying all their disposable income under the proposed plan. Specifically, the Code provides that the plan cannot be confirmed unless:

> " ... the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan."

11 U.S.C. § 1325(b)(1)(B).

The phrase "disposable income" is defined by the statute. The Code provides that disposable income is:

---

parties' joint stipulation of facts.

"current monthly income received by the debtor . . . less amounts reasonably necessary to be expended for the maintenance and support of the debtor...."

11 U.S.C. § 1325(b)(2)(A).

In cases where, as here, the debtors' income exceeds the median family income for a like-sized household within the debtors' home state, the so-called "means test" of 11 U.S.C. 707(b)(2)(A) and (B) is imported into chapter 13 cases to determine the disposable income that the debtors must pay under their plans. *See* 11 U.S.C. § 1325(b)(3); *In re Thicklin*, 355 B.R. 856, 858 (Bankr. M.D. Ala. 2006). That tests provides in relevant part:

> "The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standard and Local Standards .... issued by the Internal Revenue Service for the area in which the debtor resides..."

11 U.S.C. § 707(b)(2)(A)(ii). As noted, the Internal Revenue Service local standard for housing in cases involving above median income debtors in Alabama with a like-sized household to these debtors is $735 a month as opposed to these debtors' actual housing expense of $5,168 per month.

The question, then, is whether the Internal Revenue Service local housing standard serves as a cap in determining the debtors' disposable income. The court, however, need not make that determination in this case.

The means test functions as a method of calculating what debtors with similar incomes and household sizes should reasonably be able to pay to their unsecured creditors. Implicit in the test is the establishment of at least a benchmark for determining reasonable expenses, whether or not these serve as an absolute cap or a mere guide. Were this not the case, a debtor who made improvident lifestyle choices regarding incurring debt would be rewarded over one who had not. *See In re Altman*, 2009 WL 5200522 *1,8 (Bankr. M.D.Ga. Dec. 22, 2009) (holding that $383 per month on recreation, which included liquor, movies, camping, and golf, was not reasonable); *Id*. (holding that a $150 monthly cigar expense was not reasonable); *In re Trimarchi*, 421 B.R. 914, 923 (Bankr. N.D.Ill. 2010) (holding that the non-filing spouse's expense for utility bills to heat the family's swimming pool was unreasonable); *In re Namie*, 395 B.R. 549, 598 (Bankr. D.S.C. 2008) (holding that a housing expense exceeding two-thirds of debtor's income was excessive).

The debtors in this case have a home mortgage payment that is over seven times greater than the Internal Revenue standard for housing. It is clear that they have made an improvident decision regarding their housing expense. In short, they have bitten off more than they can chew with respect to their housing costs. Unsecured creditors cannot, under the law, be made to bear the brunt of the debtors' improvident choice.

Conclusion

For the foregoing reasons, a separate order will enter sustaining the trustee's objection to confirmation of the debtors' plan. That order will further provide that the debtors' chapter 13 case will be dismissed unless they file an amended plan which is consonant with this memorandum opinion within a specified time.

Did this the 19 day of March 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Paul D. Esco, Debtors' Attorney
   Curtis C. Reding, Trustee